UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-574

| | |
|---|---|
| LESLIE A. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's (#10) and defendant's (#12) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

## FINDINGS AND CONCLUSIONS

**I.    Administrative History**

Plaintiff filed an application for title XVI supplemental security income ("SSI") payments on August 30, 2013. (Tr. 11). After her application was denied initially and on reconsideration, plaintiff attended an administrative hearing on July 11, 2016. (Tr. 33-63). On August 12, 2016, Administrative Law Judge ("ALJ") D. Randall Frye issued a decision denying benefits. (Tr. 8-26). On July 28, 2017, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Plaintiff proceeded to file the instant action, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

**II.    Factual Background**

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth.

Such findings are referenced in the substantive discussion which follows.

**III. Standard of Review**

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

**IV. Substantial Evidence**

**A. Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the

decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was not supported by substantial evidence, and it will thus be reversed and remanded.

**B. Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff has not engaged in substantial gainful activity ("SGA") since August 30, 2013, the date of the application. (Tr. 13). At step two, the ALJ found that plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease; arthritis; asthma; hypertension; and obesity. Id. At step three, the ALJ found that none of plaintiff's medically determinable impairments, singly or in combination with each other, meets the severity of an impairment in the Listing. (Tr. 17-19).

Then, before step four, the ALJ found that plaintiff had the RFC to perform light work, with the following limitations: work must involve only simple, routine, repetitive tasks and only occasional exposure to people; work must require only occasional overhead reaching with the right upper extremity; work must accommodate the need for a sit-stand option at will; work must require only occasional bending, stooping, squatting, climbing, balancing, and crawling. (Tr. 19-24).

At step four, the ALJ found that plaintiff's RFC prevents plaintiff from performing any past relevant work. (Tr. 24-25). At step five, the ALJ found that there are jobs that exist in

significant numbers in the national economy that plaintiff can perform, including storage-facility rental clerk, mail clerk, and garment sorter. (Tr. 25-26). As a result, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. (Tr. 26).

**D. Discussion**

The court has closely read plaintiff's memorandum (#12) supporting her Motion for Summary Judgment (#11). Plaintiff argues that the ALJ erred in two ways: by improperly relying on testimony from a vocational expert ("VE") that conflicted with job qualifications in the Dictionary of Occupational Titles ("DOT"), and by failing to perform a proper function-by-function analysis of plaintiff's mental RFC. The court will consider each allegation in turn.

*a. The ALJ's reliance on VE testimony*

Plaintiff argues that the ALJ improperly relied on the VE's testimony, in that the ALJ failed to get an explanation from the VE on potential conflicts between the jobs suggested by the VE and limitations on plaintiff's ability to work. Specifically, plaintiff argues that all three jobs suggested by the ALJ conflict with the limitations on plaintiff's overhead reaching, occasional exposure to people, sitting and standing at will, and simple, routine, repetitive tasks.

For overhead reaching, plaintiff argues that the Selected Characteristics of Occupations ("SCO"), a companion volume to the DOT, shows that all three potential jobs identified by the VE require frequent reaching; as such, plaintiff argues this is an apparent conflict which the ALJ failed to resolve by asking the VE to explain how and why the potential jobs fit plaintiff's work-related limitations. See Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015) (remanding a matter because the ALJ failed to resolve a conflict between the hypothetical RFC that included limitations on overhead reaching and the VE's recommendation of three jobs that required "frequent reaching").

In Pearson, the Commissioner argued that, because the claimant could frequently reach bilaterally in every direction but overhead, and frequently reach overhead with one arm, no conflict exists. The Fourth Circuit Court of Appeals disagreed, holding that the DOT's broad definition of reaching may well include the kind of reaching limited by the claimant's RFC, and that even if some of the potential jobs did not require such reaching, they may not exist in significant numbers in the national economy. Pearson, 810 F.3d at 210-11. The court finds that this reasoning applies perfectly to the instant matter: while the frequent reaching required by the jobs identified by the VE in this matter might not conflict with plaintiff's RFC and its limitation on overhead reaching, they could, and it is the ALJ's duty to resolve such a conflict with further questioning of the VE.

That said, while the record does reflect such a conflict between plaintiff's RFC and storage-facility rental clerk and mail clerk, the same is not true for the third job of garment sorter, as the apparent conflict was resolved by the ALJ's questioning and the VE's testimony. When the VE identified the garment sorter position, he testified that it met plaintiff's RFC because it is "a table job with stuff in front" where her work will be "waist level," explicitly accounting for plaintiff's limitation on overhead reaching. (Tr. 60). Further, the VE cut the number of garment sorter jobs in the national economy in half, from 426,000 to 213,000, in order to account for any outlier garment sorter positions that required overhead reaching or would not allow plaintiff to sit and stand at will. (Tr. 60-61). As such, the court finds that no apparent conflict exists between the job of garment sorter and plaintiff's limitation on overhead reaching, as the VE explicitly noted that plaintiff would not have to perform overhead reaching as a garment sorter. Further, the record cited to by the ALJ shows that the job of garment sorter alone exists in significant numbers in the national economy, with 426,000 overall and 213,000 after accounting for plaintiff's limitations.

(Tr. 26, 60-61). While there is no established minimum number to be satisfied, the Commissioner's burden has been satisfied in other matters on the basis of less than half as many jobs existing in the national economy. Cogar v. Colvin, 2014 WL 1713795 (W.D.N.C. 2014) (holding that 35,000 jobs nationally accounted for sufficient numbers). Thus, while the ALJ may have erred in failing to investigate apparent conflicts with storage-facility rental clerk and mail clerk, there is no conflict with garment sorter. As that job alone is sufficient to meet the Commissioner's burden, the ALJ did not commit reversible error on this basis.

Plaintiff next argues that all three jobs, including the job of garment sorter, conflict with plaintiff's RFC that limits her to occasional interaction with others. Plaintiff argues that the DOT has been replaced by *O\*Net*, a database offered by the Department of Labor that provides statistics on various job elements, including frequency of interaction with others. However, while plaintiff claims that *O\*Net* replaced the DOT, that appears to be not entirely correct, as the DOT remains a source of reliable job information for determining disability claims and is suitable for administrative notice. 20 C.F.R. § 404.1566(d); 20 C.F.R. Part 404 Subpart P, App. 2, § 200.00(b); Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (in making disability determinations, the DOT is the primary source, as well as its companion publication, the SCO). And even if *O\*Net* statistics were eminently reliable, plaintiff fails to offer any pertinent data for the job of garment sorter, besides an unrelated production workers page that mentions a requirement of verbal communication. At any rate, the court cannot find an apparent conflict with the DOT that the ALJ failed to inquire about, and thus finds that the ALJ did not commit reversible error on this basis.

Plaintiff also argues that an apparent conflict exists between the job of garment sorter and

the requirement for plaintiff to be able to sit and stand at will throughout the day. Plaintiff's argument is simply that, since the DOT description has the worker folding and packaging garments as well as ironing them, this would appear to not allow the worker to sit or stand at will. The court fails to understand the connection plaintiff makes here, as nothing indicates that plaintiff would need to be only sitting or only standing to do any of those tasks. While the DOT itself is silent on this issue, the VE accounted for this, as he testified that he was cutting the number of available garment worker jobs in half to accommodate the need for a sit/stand option and plaintiff's limitation on overhead reaching. (Tr. 60-61). This court has found previously that an ALJ may rely on VE testimony when dealing with a sit/stand option, even if the DOT is silent on such an option. See Luck v. Astrue, 2013 WL 498797, at *5 (W.D.N.C. 2013) (citing Hynes v. Barnhart, 2005 WL 1258747, at *4 (D.N.H. 2005) (holding that "no conflict existed between the VE's testimony and the DOT" since the DOT was "silent as to the availability of a sit/stand option for these particular positions" and it was thus "entirely proper for the ALJ to obtain and consider VE testimony in order to supplement the DOT job descriptions")). As such, the court finds that the ALJ did not commit reversible error on this basis.

Finally, plaintiff argues that the ALJ failed to resolve an apparent conflict between the limitation to simple, routine, repetitive tasks and the job's reasoning requirements. The DOT measures aspects of education necessary for satisfactory job performance in the form of Reasoning Levels. Plaintiff argues that the job of garment sorter and its Reasoning Level of 2 conflicts with the limitation for simple, routine, repetitive work. Broadly speaking, Level 2 jobs require the ability to "[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from

standardized situations." DOT App. C, 1991 WL 688702 (1996). While plaintiff argues that an unpublished Fourth Circuit decision suggests that Level 2 jobs are similarly incompatible, that decision involved a plaintiff limited even further to only one- or two-step instructions, not a limitation of simple, routine, repetitive work. Henderson v. Colvin, 643 F. App'x. 273, 276-77 (4th Cir. 2016). This and other courts agree that such a ranking does not imply an apparent conflict with simple, routine, repetitive work. Thacker v. Astrue, 2011 WL 7154218 (W.D.N.C. 2011); Weaver v. Colvin, 2013 WL 3989561 (M.D.N.C. 2013); McCullough v. Colvin, 2015 WL 4757278 (D.S.C. 2015); Hackett v. Barnhart, 395 F.3d 1168, 1175 (10th Cir. 2005); Money v. Barnhart, 91 F. App'x. 210, 214 (3d Cir. 2004) (holding that working at Level 2 "would not contradict the mandate that [the] work be simple, routine and repetitive"). As garment sorter is classified as Level 2, there is no apparent conflict, and the court thus finds that the ALJ did not commit reversible error on this basis.

### b. *The ALJ's analysis of plaintiff's mental RFC*

Next, plaintiff argues that the ALJ erred by failing to properly evaluate plaintiff's mental RFC, in that the ALJ neglected to expand on his step two analysis in the RFC analysis and that the ALJ failed to properly evaluate plaintiff's mental impairments, including difficulties involving social functions and concentration, persistence, and pace. After review of the record, the court agrees with plaintiff.

The ALJ did review plaintiff's mental impairments (specifically, her depressive disorder) at step two, and found it to be non-severe, with minimal limitation on her ability to perform basic mental work activities. (Tr. 14-15). However, this alone is insufficient. Review of a claimant's mental RFC at step four requires a "more detailed assessment" than step 2 provides, with the ALJ

considering all severe and non-severe mental impairments and how they affect the ability to work in conjunction with all other severe and non-severe impairments. SSR 96-8p (S.S.A. July 2, 1996); see also Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989) (an ALJ must consider the "combined effect of all the individual's impairments" in their RFC analysis, whether severe or non-severe) (citation omitted). Conspicuously absent from the ALJ's RFC analysis at step four is any mention of plaintiff's depressive disorder or other mental limitations that the ALJ found plaintiff possessed at step two; indeed, the ALJ's RFC analysis focuses wholly on the impact of plaintiff's physical impairments on her ability to work. (Tr. 19-24).

As the ALJ found that plaintiff's depressive disorder had minimal effect on work-related abilities at step two, it is entirely possible that a mental RFC analysis at step four, if performed, would lead to the same outcome. However, the court cannot say for certain; nor is it this court's place to do so. See Reinhardt v. Colvin, 2015 U.S. Dist. LEXIS 50952 (W.D.N.C. 2015) (holding that, while finding "mild limitations" at step two "does not necessarily translate to a work-related functional limitation," there must nevertheless be an explanation for the court to review); Green v. Colvin, 2016 WL 830990 (W.D.N.C. 2016) (holding that "the district court may not mine the facts in the record to justify the ALJ's decision") (citing Brown v. Colvin, 2016 WL 502918, at *1 (4th Cir. 2016)). Ultimately, the court finds that a more detailed analysis into the combined effect of these impairments and limitations at step four is needed to ensure a proper outcome is reached, and will thus remand this matter for further proceedings to ensure the ALJ has considered the combined effect of plaintiff's mental impairments on plaintiff's mental and physical RFC.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was not supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded.

### ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **GRANTED**, the Commissioner's Motion for Summary Judgment (#13) is **DENIED**, and the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

Signed: April 12, 2018

Max O. Cogburn Jr
United States District Judge